UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO:

CINDY MONAHAN ROMANCZAK,

    Plaintiff,

v.

THE YACHT & RACQUET CLUB OF BOCA
RATON, INC. a Florida Not for Profit Corporation,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, CINDY MONAHAN ROMANCZAK ("Plaintiff") by and through undersigned counsel, files this Complaint against Defendant, THE YACHT & RACQUET CLUB OF BOCA RATON, INC. ("YRCBR" or "Defendant"), and states as follows:

### NATURE OF THE SUIT

1. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs under the FLSA.

### PARTIES

3. Plaintiff was a non-exempt clerical employee who performed book keeping and accounts payable activities for Defendant in West Palm Beach County, Florida.

4. Defendant, a Florida Non-Profit Corporation, is a boating and tennis club located within West Palm Beach County, Florida.

## JURISDICTION

5. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

6. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

7. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## COVERAGE

8. At all times during the last three (3) years, Defendant was an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of § 3 (s)(1) of the Act, in that, Defendant had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Based upon information and belief, the annual and gross revenue of Defendant was in excess of $500,000.00 per annum during the all times relevant.

10. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as food, drinks, beverages, vessels and parts, credit card machines, and office materials and tools.

11. At all times material hereto, Plaintiff was "engaged in commerce" by virtue of the fact that she regularly completed financial transactions with Defendant's customers' credit

card companies, banks, and third-party payment processing services outside the State of Florida.

## FACTUAL ALLEGATIONS

12. Plaintiff worked for Defendant during the relevant limitations period and performed book keeping and accounts payable activities.

13. During all times relevant, Defendant was required to pay employees like Plaintiff overtime wages for all hours worked over forty (40) per week.

14. Plaintiff regularly worked in excess of forty (40) hours per workweek but was not paid time and one half for same.

15. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)

16. Plaintiff reincorporates and re-alleges paragraphs 1 through 16 as though set forth fully herein and further alleges as follows:

17. Plaintiff was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

18. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid proper time and one half compensation for same.

19. Plaintiff was misclassified as an exempt employee, but did not perform exempt duties for Defendant as defined by the FLSA.

20. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

21. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

22. Prior to the filing of this lawsuit, Defendant did not consult with a lawyer to determine whether its pay practices were in violation of the FLSA.

23. Prior to the filing of this lawsuit, Defendant did not consult with an accountant to determine whether its pay practices were in violation of the FLSA.

24. Prior to the filing of this lawsuit, Defendant did not consult with the DOL to determine whether its pay practices were in violation of the FLSA.

25. Prior to the filing of this lawsuit, Plaintiff's counsel tendered a demand letter in an effort to resolve this matter.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant, and that this Court:

a. Declare, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Award Plaintiff overtime compensation in the amount due to her for all hours worked in excess of forty (40) hours per work week;

c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 3rd day of May 2016.

                Respectfully Submitted,

                Richard Celler Legal, P.A
                7450 Griffin Road, Suite 230
                Davie, FL 33314
                Telephone: (866) 344-9243
                Facsimile: (954) 337-2771
                Email: Richard@floridaovertimelawyer.com

                By: _____
                Richard Celler, Esq.
                Florida Bar No.: 017330

                *Attorney for Plaintiffs*